UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD D. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:09CV00164 ERW |
| | ) |
| TIMOTHY J. WILSON, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner's filing of a certified inmate account statement [Doc. #2], which this Court will liberally construe as a motion for leave to commence this action without payment of the required filing fee. Upon consideration of petitioner's financial information, the Court finds that he is financially unable to pay any portion of the filing fee.

**The Petition**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. He states that on August 14, 2007, he was convicted and sentenced in the St. Louis City Circuit Court on two counts of trespassing, one count of resisting detention, and one count of resisting arrest. On December 11, 2008, his conviction was affirmed on direct appeal. Petitioner states that, other than the direct appeal, he has not previously filed in any state court any other petitions, applications, or motions concerning this judgment of conviction.

At the time of filing this action, petitioner was an inmate at the Western Reception Diagnostic Correctional Center; however, his current address of record is presently listed the Court as 4739 Newberry Terrace, St. Louis, Missouri.

**Discussion**

Under § 2254 a District Court may entertain an application for a writ of habeas corpus only if the petitioner is in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2254 (a). It is unclear whether petitioner is presently "in custody" for purposes of this habeas action.

Moreover, in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it is unclear whether petitioner is presently in custody as required by § 2254, and it does not appear that petitioner has exhausted available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies and/or for his failure to be in custody within the meaning of § 2254. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

So Ordered this 27th Day of March, 2009.

_____
 **E. RICHARD WEBBER
 UNITED STATES DISTRICT JUDGE**